## Commonwealth v. Desmond

*John S. Powers,* district attorney, for Commonwealth.
*Samuel S. Clark,* for defendant.

CHAMBERS, J., August 31, 1931.—This case was argued before the court in banc on rule issued to show cause why the sentence should not be revoked.

The charge in the indictment contains five counts and the defendant was found guilty as indicted. The first count in the indictment charged the defendant with robbery. The sentence imposed was for not less than three years and six months, nor more than ten years. The defendant contends that the count

charging robbery is drawn under section 102 of the Act of March 31, 1860, P. L. 382, and not under section 100 of the Act of March 31, 1860, as amended by the Act of April 18, 1919, P. L. 61. If this contention be correct, then the sentence imposed is more than is warranted under section 102, the maximum sentence in that case being five years.

The information in this case charges that the defendant, being armed with an offensive weapon, together with one or more persons, made an assault upon C. J. Klump and feloniously and violently did rob, seize, steal, take and carry away from the person of C. J. Klump $162.43. The indictment fails to charge that the defendant was armed with an offensive weapon or that he was in company with one or more persons at the time the robbery was committed, but does charge that the defendant feloniously and violently did rob, steal, take and carry away from C. J. Klump the sum of $162.43.

The evidence discloses that the defendant was armed with an offensive weapon, that he was in company with one or more persons, and that after the robbery was committed the said C. J. Klump was assaulted and knocked down. The evidence clearly discloses the violation of section 100 of the Act of March 31, 1860, as amended by the Act of April 18, 1919. The question is, does the indictment sufficiently charge a violation of this section? We are of opinion that it does. It will be noted that any one of three provisions will bring the crime of robbery within this section. First, if the defendant be armed with an offensive weapon. Second, if the robbery be committed in company with one or more persons. Third, if the defendant at the time of the robbery, or immediately before or immediately after such robbery, shall beat, strike or ill-use any person or do violence to the person robbed. While the evidence discloses that the defendant was guilty of violating all three of these provisions, neither of the first two is charged in the indictment; however, we are of opinion that it is sufficiently charged that violence was done to the person of the said C. J. Klump.

It is contended on the part of the defendant that there is the element of violence in all robbery; that robbery, as defined by Blackstone, is "a felonious and forcible taking from the person of another of goods or money to any value by violence or putting him in fear," and that, therefore, the violence charged in this indictment is only such as would necessarily be involved in any robbery and does not bring it within the provisions of section 100.

It will be noted that in the definition of robbery at common law, it may be accomplished by one of two methods. By actual violence and against the resistance of the person attacked, or by such a show of force as puts the person attacked in such fear that the robbery is accomplished without actual violence. As we see it, our legislature has differentiated in respect to the manner in which the robbery is committed. If no actual violence be used and the money be taken simply by show of force, it will be a violation only of section 102, and in an indictment charging violation of this section it would be unnecessary to charge that the same was done with violence. On the other hand, if violence be used either before, at the time or immediately after the robbery, then the offense is in violation of section 100. The indictment in this case charges that the act was committed with violence and the evidence shows that actual violence was used, and that after the robbery, Klump was knocked to the floor and bound and that the persons present were also bound and manhandled. We are of opinion that the sentence imposed is warranted. In accordance with this opinion we, therefore, make the following

*Order.*—Now, August 31, 1931, the rule issued August 24, 1931, is discharged.

From William McElwee, Jr., New Castle, Pa.